**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| EUGENE MAUWEE, et al., ) | 3:06-CV-0122-RCJ (VPC) |
| Plaintiff(s), ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF U.S. MAGISTRATE JUDGE** |
| BILL DONAT, et al., ) | |
| Defendant(s). ) | |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.

Before the court is the motion of Clifton V. Bobb, ("Bobb") to intervene as of right pursuant to Fed.R.Civ.P.24(a) (#11), and defendants filed no opposition. Having reviewed Bobb's motion and the requirements of Fed.R.Civ.P. 24(a), this court recommends to the District Court that the motion be denied as more fully set forth below.

**I.     Procedural History**

Eugene Mauwee, Sr. is an inmate in the custody of the Nevada Department of Corrections ("NDOC") and is currently incarcerated at Lovelock Correction Center ("LCC"), although the events giving rise to the complaint occurred while he was incarcerated at the Nevada State Prison ("NSP"). The Northern Continental Spiritual Circle Council ("Circle") and it members are also named as plaintiffs (all are collectively referred to as "plaintiffs"). Although all members of the Circle are in the custody of NDOC and they were incarcerated at NSP, it is unclear whether the Circle plaintiffs remain at NSP or have also been transferred to LCC.

The plaintiffs filed a civil rights complaint under 42 U.S.C. § 1983, 42 U.S.C. § 2000bb, the Religious Freedom Restoration Act, ("RFRA") and 42 U.S.C. § 2000cc-1, the Religious Land Use and Institutionalized Persons Act ("RLUIPA") (#10-1). Plaintiffs allege that their First Amendment rights to free expression of religion were infringed when protective segregation inmates were permitted to use a sweat lodge located at NSP. *Id.* Plaintiffs allege that this use desecrated a sacred site and as a result, interfered with plaintiffs' use of the sweat lodge.

Plaintiffs' complaint was screened and ultimately filed on July 18, 2006. Shortly thereafter, Clifton V. Bobb ("intervenor") filed a motion to intervene (#11). Intervenor states that he is a "member of the Tribe – Northern Continental Spiritual Circle Council," and that he is currently in the custody of NDOC, residing at NSP. *Id.* Intervenor's motion is fourteen lines and states that he belonged to the Circle during the relevant times alleged in the complaint, that his interests extend to the issues raised in the complaint, and he seeks intervention as a matter of right pursuant to Fed.R.Civ.P. 24(a). *Id.* Intervenor failed to attach a pleading setting forth the claims for which intervention is sought as required by Fed.R.Civ.P. 24(c). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 499 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam).*

**II.     Legal Analysis**

Intervention of right is governed by Fed.R.Civ.P. 24(a), which allows intervention when:

> . . . the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The Ninth Circuit employs a four-part test to evaluate claims for intervention of rights: 1) the applicant's motion must be timely; 2) the applicant must assert an interest relating to the property or transaction which is the subject of the action; 3) the applicant must be so situated that without intervention the disposition of the action may as a practical matter, impair or impede its ability to protect its interest; and 4) the applicant's interest must be inadequately protected by the other parties. *Wetlands Action Network*

*v. United States Army Corps of Eng'rs.,* 222 F.3d 1105, 1113-14 (9th Cir. 2000). Each is addressed in turn.

### 1. **Timeliness of motion**

The motion is timely, since it was filed on July 21, 2006, just three days after the Clerk of Court filed plaintiffs' complaint pursuant to the screening order.

### 2. **Whether intervenor possesses a significantly protectable interest**

Intervention is warranted under this factor if the proposed intervenor demonstrates a significantly protectable interest by showing : 1) that the interest asserted is legally protectable under some statute; and 2) that there is a relationship between this legally protectable interest and the claims at issue in the lawsuit. *Sierra Club v. US Envirnomental Protection Agency,* 995 F.2d 1478, 1484 (9th Cir. 1993). Intervenor has made no showing of what his interest is, that his interest is legally protectable, nor has he demonstrated what the relationship is between such an interest and the claims at issue in the lawsuit. Therefore, intervenor has not satisfied this factor.

### 3. **Whether the intervenor is so situated that without intervention, he will be impaired or impeded from protecting his interests**

Intervenor has not satisfied this factor because he has provided no information concerning how he is situated *vis-a-vis* this litigation and why he will be impaired from protecting his interests without intervention.

### 4. **Whether intervenor's interests are adequately protected by plaintiffs**

Because intervenor has provided no information concerning his situation in relation to the plaintiffs, the court cannot assess whether the plaintiffs will adequately protect his interests, other than to note that Circle members are already named as plaintiffs. Intervenor has not satisfied this final factor to warrant intervention of right.

As noted earlier, intervenor failed to attach a proposed complaint in intervention to his motion, which is not only a procedural error, but a substantive one as well. Had intervenor done so, the court would have been in a better position to evaluate whether intervention is warranted.

The court also notes that defendants failed to oppose intervenor's motion as required by Local Rule 7-2, and subsection (d) which states that "failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." Defendants' counsel is admonished to comply with the Local Rules of this court in responding to motions, which is particularly critical in inmate civil rights litigation given the volume of cases and motions filed by *pro se* inmates. Notwithstanding defendants' failure to oppose intervenor's motion, the court finds that intervenor has failed to comply with the requirements of Rule 24(a) and (c); therefore, the court *sua sponte* recommends that intervenor's motion to intervene (#11) be denied.

The parties should be aware of the following:

1. They may file, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within ten (10) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order, and any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

### III. Recommendation

For the reasons stated above, the undersigned Magistrate Judge recommends that the District Judge enter an order **DENYING** Clifton V. Bobb's motion to intervene (#11).

DATED: January 22, 2007.

_____
UNITED STATES MAGISTRATE JUDGE